IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

WILLIAM L. ELLIS, SR.,                *

    Plaintiff,                       *

vs.                                   *

WAYNE LEE WARREN, ZIMMER BIOMET *      CASE NO. 4:19-CV-67 (CDL)
HOLDINGS, INC., MEDTRONIC LLC,
EBI HOLDINGS LLC, and ZIMMER    *
BIOMET SPINE, INC. *f/k/a* LANX
INC.,                                 *

    Defendants.                      *

_____

O R D E R

Plaintiff's factual allegations in his complaint arguably state plausible claims for personal injury arising from medical negligence and products liability. Those claims, however, are clearly barred by the applicable statute of limitations. To the extent that Plaintiff attempts to assert other claims that would not be barred by the statute of limitations, those claims are not plausible. Accordingly, this entire action is dismissed.

FACTUAL ALLEGATIONS

The Court ordered Plaintiff to recast his complaint twice. Even still, Plaintiff's complaint and filings are hard to decipher. The Court can identify the following factual allegations in Plaintiff's second recast complaint, which the Court must accept as true for purposes of the pending motions.

1

On February 2, 2008, Dr. Wayne Warren inserted an implant into Plaintiff's back that was intended to fuse with his spine. 2d Recast Compl. 3, ECF No. 14. The implant was either not FDA-approved or had been recalled by the FDA at the time it was implanted. *Id*. at 5.

Plaintiff suffered complications from the implant for over ten years and saw over twenty-five experts about it. *Id*. at 3. He tried to contact Dr. Warren more than twenty times about the complications, and Dr. Warren did not respond. *Id*. Finally, on March 6, 2017, Plaintiff's implant completely failed and Plaintiff suffered severe nerve and neurological damage as a result. *Id*. Plaintiff seeks damages for his personal injuries resulting from the implant failure.

Plaintiff alleges that Dr. Warren invented the defective implant. *Id*. And, though it is not entirely clear from the pleadings, it appears that Plaintiff asserts the Defendant companies—Medtronic LLC, Zimmer Biomet Holdings, Inc., EBI Holdings LLC, and Lanx Inc.—played some role in owning, manufacturing, or distributing Dr. Warren's implant. *Id*. at 3-4. The only potentially plausible claims to be ascertained from a fair reading of Plaintiff's complaint are for personal injury caused by medical negligence and product liability.

DISCUSSION

For the following reasons, the Court finds that Plaintiff's claims are barred by the applicable statute of limitations.[1] Georgia law requires that "actions for injuries to the person shall be brought within two years after the right of action accrues." O.C.G.A. § 9-3-33. Because the nature of the injury underlying Plaintiff's medical malpractice and product liability claims is an injury to his person resulting from the failed implant, Plaintiff's claims are governed by this two-year statute of limitations. *See*

---

[1] As a preliminary matter, the Court recognizes that Plaintiff claims he was not properly informed of all filings in this action (ECF No. 39). But, the Court finds Defendants met their burden of serving documents on Plaintiff and, therefore, proceeds to consider the merits of their motions to dismiss. Federal Rule of Civil Procedure 5(b)(2)(C) allows parties to serve written motions and similar papers on an opposing party by "mailing it to the [opposing party's] last known address—in which event service is complete upon mailing." There is a "rebuttable presumption that an item properly mailed was received by the addressee." *In re Farris*, 365 F. App'x 198, 199 (11th Cir. 2010) (quoting *Konst v. Fla. E. Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996)). Where there is "a certificate of service showing that the [document] was mailed to [the intended recipient] at his home address," it is "presumed that the [document] was received." *Id*. at 200. After that, "[t]he mere denial of receipt, without more, is insufficient to rebut the presumption." *Id*. Here, Defendants' motions to dismiss and reply briefs in support of their motions to dismiss contain certificates of service affirming that the documents were mailed via first-class mail to Plaintiff's address of record. *See* Corporations' Mot. to Dismiss 3, ECF No. 35; Corporations' Br. in Supp. of Mot. to Dismiss 15, ECF No. 35-1; Dr. Warren's Mot. to Dismiss 3, ECF No. 37; Dr. Warren's Br. in Supp. of Mot. to Dismiss 14, ECF No. 37-1; Corporations' Reply 5-6, ECF No. 44; Dr. Warren's Reply 7, ECF No. 45. Therefore, the Court presumes Defendants served the documents in accordance with the federal rules by mailing them to Plaintiff, and the Court presumes Plaintiff received these documents. Plaintiff's assertion that he did not receive them is not sufficient to rebut those presumptions. Although Plaintiff admits that he received one document and returned it to sender unread, Plaintiff's voluntary decision not to read a properly served document does not entitle him to a second service.

*Daniel v. Am. Optical Corp.*, 304 S.E.2d 383, 385 (Ga. 1983) (finding that courts should determine whether O.C.G.A. § 9-3-33 applies "by the nature of the injury sustained rather than the legal theory underlying the claim for relief"); *Smith, Miller & Patch v. Lorentzson*, 327 S.E.2d 221, 222 (Ga. Ct. App. 1985) (finding O.C.G.A. § 9-3-33 applies to product liability actions for injuries to the person).

The two-year statute of limitations begins to run when "the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that the injury may have been *caused* by the defendant's conduct." *King v. Seitzingers, Inc.*, 287 S.E.2d 252, 254 (Ga. Ct. App. 1981). Here, Plaintiff alleges that he suffered complications from the defective implant for over ten years and saw over twenty-five experts about it. Therefore, he should have discovered his injury and the cause of his injury—his defective implant—over ten years ago. At minimum, Plaintiff discovered his injury on March 6, 2017 when his implant completely failed, and his limitations period for filing his claim, therefore, would have expired two years later on March 6, 2019. Plaintiff did not file his complaint until April 2019, over a month after this deadline. Therefore, Plaintiff's personal injury claims are untimely. Plaintiff has not shown good cause for tolling or otherwise excusing his failure to comply with

the statute of limitations.  Thus, Plaintiff's claims are dismissed as time-barred.[2]

Plaintiff does not sufficiently allege any other plausible claims that may be timely.  To the extent that he attempts to allege other claims, those claims are dismissed because they fail to state a claim upon which relief may be granted.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

For the reasons previously explained, the Court grants Defendants' motions to dismiss (ECF Nos. 35 & 37); for the same reasons, the Court dismisses this entire action, including claims asserted against Defendants who have not filed a motion to dismiss.

IT IS SO ORDERED, this 22nd day of January, 2020.

S/Clay D. Land
_____
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[2] Dr. Warren indicates that the relevant surgery occurred in Alabama, and, therefore, Alabama law might apply to Plaintiff's claims.  But because Alabama law has a two-year statute of limitations for claims against healthcare providers, *see* Ala. Code § 6-5-482, and a two-year personal injury statute of limitations, *see id*. § 6-2-38(*l*), Plaintiff's claims here would be barred regardless of whether Georgia or Alabama law applied.